UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

_____
In re                                                    )
    Misty Mountain Farm, LLC,                )          Chapter 12
                                                       )          Bk. No. 15-11447-BAH
        Debtor                                )
_____)

## CHAPTER 12 PLAN DATED JANUARY 8, 2016

NOW COMES Misty Mountain Farm, LLC (hereinafter Debtor), the Debtor in the above-noted matter, by through its Attorney, Leonard G. Deming, II, and proposes the following as its Chapter 12 Plan of Reorganization.

## CLAIMS AND TREATMENT THEREOF

### Administrative Claims

A.      Chapter 12 Trustee (fees and expense of all amounts to    $1,220.00
be paid through the trustee in this plan at 5%)($24,410 total paid)

B.      Attorneys fees and expenses to be paid through the plan    $5,000.00

C.      Other: NONE

### Priority Claims

| | Interest Rate | Estimated Total Prepetition Claim |
|---|---|---|
| **Town of Effingham**-2015 First Half assessment | 18% | $1843 |

Debtor proposes to pay this claim at 18% over a period of three (3) years consisting of annual payments of 847.64 resulting in a total of payments of 2,542.92 **through the plan**.

### Secured Claims

| | Interest Rate | Estimated Total Prepetition Claim |
|---|---|---|
| **Farm Service Agency (USDA)** First Mortgage | 3.75% | $59,000 |

Debtor proposes to pay this claim at the contract rate of 3.75% over a period forty (40) years consisting of annual payments of $2,870.91 each resulting in a total of payments of $114,836.40. USDA has filed a Proof of Claim (POC #2) asserting a total claim of $174,528.44 but pointing out the actual value of its collateral being $59,000. Hence, the Debtor proposes to bifurcate USDA's claim into a secured portion of $59,000 and treating the remainder of the claim ($115,528.44) as unsecured. Secured mortgage payments to be made **outside of the plan.**

|  | Interest Rate | Estimated Total Prepetition Claim |
|---|---|---|
| **Town of Effingham**-2014 levy | 18% | $4165 |

Debtor proposes to pay this claim at 18% over a period of three (3) years consisting of annual payments of 1,915.58 resulting in a total of payments of $5,746.74 **through the plan.**

|  | Interest Rate | Estimated Total Prepetition Claim |
|---|---|---|
| **Town of Effingham**-2013 levy | 18% | $4617 |

Debtor proposes to pay this claim at 18% over a period of three (3) years consisting of annual payments of 2,123.47 resulting in a total of payments of $6,370.41 **through the plan.**

## Unsecured Claims

Unsecured creditors' claims total $117,630.36 (including the unsecured portion of the USDA claim modified under "Secured Claim", *supra*). The percentage to be paid toward these claims will be determined after the bar date for filing claims has passed and will be specified in a motion to allow claims.

Debtor proposes to make annual *pro rata* payments to unsecured creditors in payments totaling $3,529 annually as cash flow permits but with that total amount being paid to applicable unsecured creditors no later than the anniversary date of confirmation of the plan for a period of five (5) years. If all scheduled claims are allowed, the percentage distribution to creditors is estimated at 15%. These claims will be paid over the said period of five (5) years as proposed. The Debtor reserves the right to prepay in full any claims that are allowed in an amount of $200 or less. Payments to be made **through the plan.**

## General Plan Provisions

A. **Retention of Lien:** All secured creditors shall retain the liens securing their claims unless otherwise stated.

B. **Duty of Mortgage Servicer to Provide Loan Information:**

1. Upon written request of the debtor, any mortgage servicer or its successor shall provide to the debtor and/or the debtor's attorney all information with respect to the debtor's mortgage loan as it would provide absent a bankruptcy proceeding, including contractual monthly payment changes. The term "information" as used herein shall include, but is not limited to: (a) a coupon book or monthly statements to help the debtor properly make monthly payments, (b) addresses to which to send payments and to direct inquiries, (c) balance and payoff information if requested, and (d) if applicable, escrow analyses, notices of rate adjustments and the like. The debtor shall not make any claim against the mortgage servicer, the secured creditor or their successors for any violation of the automatic stay or any discharge

injunction resulting from its compliance with this section.

2.   Upon written request of the debtor's counsel, any of the information requested to be provided to the debtor in paragraph F(1) above shall also be provided to the debtor's counsel.

## C.   Duty of Secured Creditors Upon Confirmation:

Confirmation of this plan shall impose an affirmative and direct duty on each such secured creditor to comply with this paragraph.  This provision shall be enforced in a proceeding filed before this court and each such creditor consents to such jurisdiction by failure to file any timely objection to this plan.  Such an enforcement proceeding may be filed by the debtor in this case either before or after the entry of the discharge order and either before or after the closing of this case.  The debtor specifically reserves the right to file a motion to reopen this case under 11 U.S.C. § 350 to pursue the rights and claims provided for therein.

## LIQUIDATION ANALYSIS

In the event of a liquidation under chapter 7, I/we would claim the federal exemptions, based upon which unsecured creditors would receive 0%.

**A.**    **REAL ESTATE:  Residential**, located at: 670 Townhouse Road, Effingham NH. Includes crops in the ground.

| Description | Fair Market Value | Liens | Exemption Amount and Cite | Available Chapter 7 |
|---|---|---|---|---|
| Residential Farm and Farmhouse | 59000 | $174,528.44 | $20,000 | $ -0- |

Total non-exempt value:   $-0-

**REAL ESTATE:  None**

Total non-exempt value:   $-0-

**B.  NON-EXEMPT TANGIBLE ASSETS**:

| Description | Fair Market Value | Liens | Exemption Amount and Cite | Available Chapter 7 |
|---|---|---|---|---|
| 1983 Mercedes Benz Diesel | $2000.00 | $-0- | $-0- | $2000.00 |

| Description | Fair Market Value | Liens | Exemption Amount and Cite | Available Chapter 7 |
|---|---|---|---|---|
| 1988 Dodge 250 | $1500.00 | $-0- | $-0- | $1500.00 |

| | Fair Market | | Exemption | Available |
|---|---|---|---|---|

| Description | Value | Liens | Amount and Cite | Chapter 7 |
|---|---|---|---|---|
| Farm Animals | $1000.00 | $-0- | $-0- | $1000.00 |

All other farm assets have no liquidation value to the estate. They consist of perishable seeds and crops in ground that need to be harvested, etc.

Total non-exempt value:   $4500.00

**C.    NON-EXEMPT INTANGIBLE ASSETS**:

| Description | Fair Market Value | Liens | Exemption Amount and Cite | Available Chapter 7 |
|---|---|---|---|---|
| Account Receivable | $12000 | $-0- | $-0- | $12000 |

Total non-exempt value:   $12000

Total all non-exempt:  $16500

I declare under penalty of perjury that the foregoing is true and correct.

Date: January 8, 2016

/s/ Avril K. Davis
Avril K. Davis, Member
Misty Mountain Farms, LLC

Respectfully submitted,
MISTY MOUNTAIN FARM. LLC
By its Attorney
DEMING LAW OFFICE

January 8, 2016
Date

/s/ *Leonard G. Deming*
Leonard G. Deming, II
491 Amherst Street, Suite 22
Nashua NH 03063
(603) 882-2189
BNH01186
deminglaw@comcast.net

CERTIFICATE OF SERVICE

I hereby certify that I have forwarded a copy of the foregoing Chapter 12 Plan to:

Avril K. Davis, Member
Misty Mountain Farm LLC
670 TownHouse Road
Effingham, NH 03882

Lawrence Sumski, Esquire
lsumski@hotmail.com, sumskich13@gmail.com

4

Geraldine B. Karonis, Esquire
USTPRegion01.MR.ECF@usdoj.gov

Michael T. McCormack, Esquire
michael.mccormack2@usdoj.gov,
faye.guilmette@usdoj.gov;joanie.hederman@usdoj.gov;usanh.ecfcivil@usdoj.gov

by electronic service (ECF), this 11th day of January, 2016 and by regular mail, postage prepaid
to the creditors and interested parties set forth on the attached matrix.

/s/ *Leonard G. Deming*

Leonard G. Deming